# RANDOLPH SUPERIOR COURT,

## April Term, 1842.

NATHAN R. SMITH VS. FANNY BAKER and JAMES BAKER.

*Assumpsit.   Judgment for the Plaintiff, and Rule Nisi for new trial.*

1. A scrawl annexed to the signature of a party to an instrument, is a seal, and the instrument is a sealed instrument, though it contain no words signifying the parties' intention that it shall be so considered.

2. An instrument under seal pleaded as a set off to an action on a promissory note, but not described as being under seal, is inadmissible in evidence, on account of the variance.

This was an action of assumpsit upon a promissory note for two hundred and fifty dollars.   The only evidence of the defendants, attempted to be introduced in order to resist the plaintiff's right to recover, was a bond made by the plaintiff to *Fanny Baker*, formerly *Fanny Smith*, at present the wife of *James Baker*.   The bond was dated 24th December, 1833, and was described in the defendants' answer as an instrument not under seal.   Upon the production of the bond, when offered in evidence under the defendants' allegation, setting it forth in their answer, it was objected to by the plaintiff's counsel, upon the grounds of its being a sealed instrument, and therefore inadmissible under the pleading.

The presiding Judge (Judge WELLBORN) sustained the objection, and the bond was rejected.   The defendants then confessed judgment to the plaintiff for his principal sum with interest and costs of suit, and moved a "*rule nisi* for a new trial, which was granted upon the ground, that the Court erred in ruling out the defendants' evidence.

The bond, after reciting the usual covenants to be performed by

[Smith vs. Baker & Baker.]

the obligor, concludes thus : "then the above bond to be void, else to remain in full force and virtue, the day and year above written."

(Signed,) *Nathan R. Smith,* [L. S.]

Signed, sealed and acknowledged, in the presence of

Samuel Griffith, Benjamin Holland, J. I. C.

The only question made in this case, is : What is the legal import of the instrument sought to be introduced by the defendants under their pleading, and if it is necessary to constitute a sealed instrument, that it should contain the usual words in the body of the instrument itself, of "Witness my hand and seal?" The defendants contend that in the absence of those words, the attestation of the subscribing witnesses annexed to the bond, of "Signed, sealed and acknowledged in their presence," is not sufficient to constitute such a sealed instrument.

In the discussion of this question, it is unnecessary to go into the Common Law upon the doctrine of seals, as defined more particularly by Lord COKE. We are not to discuss, at this time, whether a seal consists of an impression being made upon wax or some other tenacious substance, or whether a flourish with a pen at the end of the party's signature, or a circle of ink, or a scrawl, does not come in the place of the Common Law method of sealing upon wax. I believe, with the exception of New-York, scarcely any other State in the Union, holds to the first, and that a seal in most of the States, is a good seal which is done with pen and ink, is a proposition equally true. The case of *Warner* vs. *Lynch,* 5 *Johns.* Ch. Rep. 239, only reiterates and establishes what is laid down and contended for by Chancellor KENT, in 4 *Kent's* Com. 453, wherein the definition of Lord COKE, of seals, is literally recognized and adopted, that "a seal is with an impression '*sigillum est cera impressa, quia cera sine impressione, non est sigillum.*'" Without stopping to discuss the more preferable mode of executing sealed instruments, would the instrument before us, under either form, be regarded as a sealed instrument in the absence of such words as are usualy contained in the body of the instrument, in which the party manifests his intention to affix his seal.

In a deed, it is said by *Comyn,* (4 Com. Dig. 157,) that it is unne-

cessary to mention "Witness my hand and seal," and if a corporation seals, it is unnecessary to say, "*Sigillum nostrum commune.*"— See also 5 *Bacon*, 159, tit. Obligation.

When a person uses a well known symbol or cypher which has usually been employed for the purpose of a seal, and no other, the Court will presume that it was annexed for that purpose, and no other.—*Ralph & Co.* vs. *Gist*, adm'r. of *Coleman*, 4 *McCord's* Rep. 267.

That the usual scrawl of [L. s.] constitutes as good a seal, and is so regarded in Georgia, as though it were done upon wax or some other tenacious substance, is so well established, that I will say nothing upon that branch of the question which has incidentally presented itself, the same usage, that established the waxen seal in England, establishes and sanctions the scrawl in this State, and makes it of equal solemnity.

If there is nothing opposite the name of the party to indicate a seal, the words, "Witness my hand and seal," or "Signed, sealed and delivered in presence of," &c., cannot make it a sealed instrument.—*Taylor* vs. *Glaser*, 2.

However, by an Act of the Legislature of Georgia, passed in 1838, all instruments are to be considered as sealed instruments, which contain any words indicating the party's intention to make a sealed instrument : either by using the scrawl, or adopting the familiar words of "Witness my hand and seal."

But as the Law stood before the Act of 1838, it was unnecessary that the scrawl should be adopted by the usual words in the body of the instrument. It is enough if the scrawl be affixed at the time of the execution, the usual words of "Witness my hand and seal," and of "Signed, sealed and delivered in," &c., can in reason make no difference, for the question always is, is this the seal of the obligor ? and if he has delivered it with the scrawl, the Court must regard it as his seal.—*Trasher* vs. *Everhart*, 3 *Gill & Johnson*, 234.

These authorities, to my mind, clearly establish, that the instru-

[Smith vs. Baker & Baker.]

ment under consideration is a sealed instrument, and the defendants, not having described it as such in their answer :

It is therefore ordered, by the Court, that the *Rule Nisi* be discharged, and the motion for a new trial refused. It is also ordered, that the Clerk proceed to issue execution upon the judgment.

WILLIAM TAYLOR, J. S. C. S. W. C.

HOLT & McDOUGALD, Counsel for Plaintiff.
J. STURGIS & S. GAINER, for Defendants.